UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF SOUTH CAROLINA
                                   FLORENCE DIVISION

| | |
|---|---|
| Robert Earl Morning, | Civil Action No.: 4:15-cv-03349-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| Dillon County; Dillon County Sheriff's Office; Sheriff Major Hulon, *in his official capacity*; Ken Carlisle Rogers, *in his individual and official capacity*; James Jackson, *in his individual and official capacity*; Andrew Miller, *in his individual and official capacity*; and Richard Day, *in his individual and official capacity*, | |
| Defendants. | |

Plaintiff Robert Earl Morning brought this action, which was removed from state court, against the seven above-captioned defendants alleging claims under 42 U.S.C. § 1983 and state law. All defendants except Defendant Ken Carlisle Rogers answered and filed a motion for summary judgment. The matter is before the Court for consideration of the parties' objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III.[1] The Magistrate Judge recommends that the Court grant in part and deny in part the motion for summary judgment, and that the Court dismiss Defendant Rogers without prejudice.

## Legal Standards

**I.     Review of the R & R**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's

---

[1] The Magistrate Judge filed the R & R in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.).

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## II. Summary Judgment

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The facts and

inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party, *Reyazuddin*, 789 F.3d at 413, but the Court "cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015).

Moreover, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "A dispute of material fact is 'genuine' if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party." *Seastrunk v. United States*, 25 F. Supp. 3d 812, 814 (D.S.C. 2014). A fact is "material" if proof of its existence or nonexistence would affect disposition of the case under the applicable law. *Anderson*, 477 U.S. at 248.

At the summary judgment stage, "the moving party must demonstrate the absence of a genuine issue of material fact. Once the moving party has met his burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992) (internal citation omitted). Summary judgment is not warranted unless, "from the totality of the evidence, including pleadings, depositions, answers to interrogatories, and affidavits, the [C]ourt believes no genuine issue of material fact exists for trial and the moving party is entitled to judgment as a matter of law." *Whiteman v. Chesapeake Appalachia, L.L.C.*, 729 F.3d 381, 385 (4th Cir. 2013); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### **Discussion**

This case arises from an incident during which First Sergeant Ken Rogers of the Dillon County Sheriff's Office ("DCSO") allegedly used excessive force when arresting Plaintiff by pepper spraying,

3

slapping, leg-shackling, and tasing him, and when DCSO deputies James Jackson, Andrew Miller, and Richard Day allegedly failed to protect Plaintiff from Rogers' actions.[2] Due to his alleged actions, Rogers was arrested and charged with misconduct in office and assault and battery, and he ultimately pleaded guilty to misconduct in office. Plaintiff has sued the aforementioned four officers in their individual and official capacities, as well as Sheriff Major Hulon in his official capacity, the DCSO, and Dillon County. In his amended complaint, Plaintiff asserts thirteen causes of action pursuant to 42 U.S.C. § 1983 and state law. All defendants except Rogers have answered and filed a motion for summary judgment.

The Magistrate Judge recommends that the Court (1) **deny** summary judgment as to Plaintiff's § 1983 bystander liability claim against Day and gross negligence claim against the DCSO, (2) **grant** summary judgment as to all other claims against Dillon County, the DCSO, Hulon, Jackson, Miller, and Day, (3) **find** the issue of the DCSO's liability under the South Carolina Tort Claims Act ("SCTCA") should remain pending; and (4) **dismiss** Rogers pursuant to Federal Rule of Procedure 4(m). *See* R & R [ECF No. 47] at p. 18. Thus, based on the Magistrate Judge's recommendation, the only remaining defendants would be Day and the DCSO. The parties have filed limited objections to the R & R.

Initially, the Court notes there is no objection to the dismissal of Dillon County, Hulon, Jackson, and Miller. Finding no clear error in the R & R as to these four defendants, the Court will dismiss them from this case with prejudice. The parties' objections relate only to **Day**, the **DCSO**, and **Rogers**.

**I.     Day**

The Magistrate Judge recommends denying summary judgment as to Plaintiff's § 1983

---

[2]   The Magistrate Judge adequately summarizes the facts in the light most favorable to Plaintiff, and the Court adopts that summary without repeating it here. *See* R & R at pp. 2–3.

4

bystander liability claim against Day. R & R at pp. 8–14. Day makes two objections to this recommendation. *See* Defs.' Objs. [ECF No. 52] at pp. 2–8.

## A. Whether Plaintiff Adequately Pleaded a § 1983 Bystander Liability Claim Against Day

In his first objection, Day argues Plaintiff's complaint did not sufficiently plead a § 1983 bystander liability claim against him. *See id.* at pp. 2–6.

"In general, whether a complaint sufficiently states a claim upon which relief can be granted is governed by the Supreme Court's plausibility pleading framework." *Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 417 (4th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). This framework "do[es] not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In sum, the *Twombly*/*Iqbal* pleading standard requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

The Fourth Circuit "recognizes a cause of action [under § 1983] for bystander liability premised on a law officer's duty to uphold the law and protect the public from illegal acts, regardless of who commits them." *Stevenson*, 743 F.3d at 416–17. "To succeed on a theory of bystander liability, a plaintiff must demonstrate that a law-enforcement officer (1) knew that a fellow officer was violating an individual's constitutional rights; (2) had a reasonable opportunity to prevent the harm; and (3) chose not to act." *Id.* at 417 (internal quotation marks and alterations omitted); *see also Randall v. Prince*

5

*George's Cty.*, 302 F.3d 188, 204 (4th Cir. 2002). "[P]laintiffs are 'not required to use any precise or magical words in their pleading' to state a bystander liability claim." *Gunsay v. Mozayeni*, __ F. App'x __, 2017 WL 2684015, at *4 (4th Cir. June 21, 2017) (quoting *Stevenson*, 743 F.3d at 418).

The Magistrate Judge has determined Plaintiff's third cause of action sufficiently pleads a § 1983 bystander liability claim against Day because (1) the third cause of action alleges "First Sergeant Rogers and **Deputy Day's** acts and **omissions** constituted an excessive use of force proximately causing a violation of Plaintiff's Fourth and Fourteenth Amendment rights"; and (2) other allegations in the complaint more specifically allege bystander liability. *See* Am. Complaint at ¶ 82 (emphases added); R & R at pp. 10–11. The Court agrees.

Although the third cause of action is entitled "42 U.S.C. § 1983 - Fourth Amendment Claim for Excessive Force **as to Sergeant Rogers**," *see* Am. Complaint at p. 12 (emphasis added), the substance of this claim "pleads factual content that allows the court to draw the reasonable inference that [Day] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Significantly, In the very first paragraph of the third cause of action, "Plaintiff incorporates by reference all allegations in all of the previous paragraphs as if stated verbatim herein." Am. Complaint at ¶ 74. Those previous paragraphs allege that Day was present when Rogers pepper sprayed, slapped, and tased Plaintiff, that Day observed all these actions involving Rogers' purported use of excessive force, and that Day is liable under "the alternative theory of police officer/bystander liability" because he was "aware of those acts [of Rogers] and w[as] in a position to prevent some or all of those acts and took no action to do so." *See id.* at ¶¶ 10–17, 24, 60–61, 63, 69–70, 72. These allegations sufficiently allege Day (1) knew Rogers was violating Plaintiff's Fourth Amendment rights, (2) had a reasonable opportunity to prevent such violations, and (3) chose not to act. *See, e.g.*, *Stevenson*, 743 F.3d at 419 (explaining that based on the defendants'

6

"undisputed presence at the scene of the altercation and the allegation that the officers 'allow[ed] to be committed . . . unreasonable seizure[s],' it requires no legal gymnastics or finagling" to read the plaintiffs' complaint as alleging a bystander liability claim (alterations in original)).

In sum, Plaintiff has sufficiently pleaded a § 1983 bystander liability claim against Day. The Court overrules Day's first objection.

### B. Whether A Genuine Issue of Material Fact Exists

In his second objection, Day contends no evidence supports a cause of action for bystander liability. *See* Defs.' Objs. at pp. 6–8. Specifically, Day asserts there is no question of fact as to the second and third elements necessary for a § 1983 bystander liability claim—i.e., a reasonable opportunity to prevent the harm and a choice not to act.[3] *Id.* at p. 7.

The Magistrate Judge divides Rogers' use of force into two attacks, the first involving the pepper spray and slapping and the second involving the leg irons and taser. *See* R & R at pp. 12–14. Regarding the first attack, the Magistrate Judge has reviewed Day's, Miller's, and Jackson's depositions and concluded Day had no realistic opportunity to intervene because the pepper spray and slap happened so close together (within a "matter of seconds," according to Miller's testimony). *Id.* at pp. 12–13. As for the second attack, however, the Magistrate Judge notes that several minutes elapsed between the first and second attacks and that Day was present and witnessed Rogers' conduct, and therefore a question of fact exists as to whether Day is liable for failing to intervene. *Id.* at pp. 13–14. The Court agrees.

Day argues "[t]here is absolutely no testimony that could give rise to a question of fact that . . . Day . . . never had a reasonable opportunity to prevent the harm that Defendant Rogers inflicted

---

[3] In his objections, Day does not challenge the first element, i.e., whether he knew Rogers was violating Plaintiff's constitutional rights. *See Stevenson*, 743 F.3d at 417.

7

upon Plaintiff and willingly chose not to act." Defs.' Objs. at p. 7. However, as the Magistrate Judge observes in the R & R—and Day himself acknowledges in his objections—Jackson testified "a couple of minutes" elapsed between the time Rogers pepper sprayed and slapped Plaintiff and the time Rogers tased Plaintiff. Jackson Dep. at pp. 18, 21. Notably, after Rogers committed the first attack, he left Plaintiff, walked to his car, and then came back and tased Plaintiff. *See* Jackson Statement at p. 2; Miller Statement at p. 2; Miller Dep. at pp. 25–26, 37–38; Pl.'s Dep. at pp. 64–65. Additionally, Day saw "Rogers put the leg shackles on Robert Morning, after he was sprayed ***before*** he was tazed." Day Statement (emphasis added). Day testified that he saw Rogers pepper spray and slap Plaintiff; that he thought Rogers' actions amounted to an assault; and that if a private citizen had walked up to Plaintiff and done the same, Day would arrest the private citizen for assault. Day Dep. at pp. 12–13, 20. This evidence creates a genuine issue of material fact as to whether Day had a reasonable opportunity to prevent Rogers' subsequent tasing of Plaintiff, given the period of time between the first attack and the second attack.

Moreover, Day testified that he "view[ed] . . . Robert Morning being pepper sprayed" and slapped, that he "saw [Rogers] with the taser," and that he "moved away from the incident after [Plaintiff] was pepper sprayed" and slapped. Day Dep. at pp. 12–13; *see also* Day Statement at p. 2. This evidence creates a genuine issue of material fact as to whether Day chose not to act. *See, e.g.*, *Norman v. Frederick*, No. 8:09-CV-02479-JMC, 2011 WL 4008134, at *7 (D.S.C. Sept. 8, 2011) ("Viewing the evidence in a light most favorable to Plaintiff, Defendants' presence and participation at the scene of the stop and arrest create genuine issues of material fact sufficient for a jury's determination as to whether Defendants had a reasonable opportunity to prevent Plaintiff's injuries but chose not to.").

8

Genuine issues of material fact exist as to Plaintiff's § 1983 bystander liability claim against Day, and therefore the Court overrules Day's second objection and denies summary judgment on this claim.

## II. DCSO

The DCSO and Plaintiff object to the Magistrate Judge's recommendations[4] concerning Plaintiff's state law claims for assault, battery, and gross negligence brought against the DCSO pursuant to the South Carolina Tort Claims Act ("SCTCA").[5] *See* Defs.' Objs. at pp. 8–10; Pl.'s Objs. at pp. 4–6; Defs.' Reply [ECF No. 57] at pp. 1–2.

The SCTCA "governs all tort claims against governmental entities and is the exclusive civil remedy available in an action against a governmental entity or its employees." *Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 571, 743 S.E.2d 778, 783 (2013) (emphasis added); *see* S.C. Code Ann. § 15–78–40 (2005) ("The State, an agency, a political subdivision, and a governmental entity are liable for their torts in the same manner and to the same extent as a private individual under like circumstances . . . ."). "An employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable and the plaintiff must sue the governmental agency itself." *Newkirk v. Enzor*, 240 F. Supp. 3d 426, 436 (D.S.C. 2017).

---

[4] The Court notes the R & R is somewhat unclear as to what exactly should happen to the state law claims against the DCSO made under the SCTCA, as evidenced by Plaintiff's objections. *See* Pl.'s Objs. [ECF No. 54] at pp. 4–5. Plaintiff objects to the R & R only to the extent it could be read as granting summary judgment on the **assault**, **battery**, and **gross negligence** claims against the DCSO; and the DCSO has filed a reply to Plaintiff's objection. For the sake of simplicity, and because the parties have presented their respective arguments via their objections (and the DCSO's reply), the Court will simply consider de novo whether summary judgment is warranted on these three claims. *See generally Samples v. Ballard*, 860 F.3d 266, 272 (4th Cir. 2017) ("[A]s part of its obligation to determine de novo any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." (emphases removed) (quoting *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992))).

[5] S.C. Code Ann. §§ 15–78–10 through –220 (2005 & Supp. 2016).

### A. Assault and Battery

Plaintiff argues the DCSO is liable under the SCTCA for the assault and battery committed by Rogers. *See* Pl.'s Objs. at pp. 5–6.

Under South Carolina law, "an assault occurs when a person has been placed in reasonable fear of bodily harm by the conduct of the defendant, and a battery is the actual infliction of any unlawful, unauthorized violence on the person of another, irrespective of its degree." *Jones by Robinson v. Winn-Dixie Greenville, Inc.*, 318 S.C. 171, 175, 456 S.E.2d 429, 432 (Ct. App. 1995). "[A] law enforcement officer who uses reasonable force in effecting a lawful arrest is not liable for assault or battery. However, if the officer uses excessive force, or 'force greater than is reasonably necessary under the circumstances,' the officer may be liable for assault or battery." *McCoy v. City of Columbia*, 929 F. Supp. 2d 541, 567 (D.S.C. 2013) (internal citations omitted).

Under the SCTCA, a governmental entity is immune from "employee conduct outside the scope of his official duties or which constitutes actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Code Ann. § 15–78–60(17) (2005). "Although the SCTCA generally is not intended to protect state employees from liability for intentional torts, it does not automatically grant state entities categorical immunity from any intentional tort committed by an employee acting within the scope of his official duties." *Newkirk*, 240 F. Supp. 3d at 436–37 (internal quotation marks and citation omitted). The terms "actual fraud, actual malice, intent to harm, or a crime involving moral turpitude" must be liberally construed in favor of the governmental defendant, but these terms "cannot be fairly construed to encompass every instance of any intentional tort." *Id.* at 437. *See, e.g.*, *McBride v. Sch. Dist. of Greenville Cty.*, 389 S.C. 546, 563–66, 698 S.E.2d 845, 854–55 (Ct. App. 2010) (finding causes of action for abuse of process and malicious prosecution are not barred by § 15–78–60(17)

simply because of their elements); *Newkirk*, 240 F. Supp. 3d at 435–37 (finding § 15–78–60(17) did not automatically bar the plaintiff's SCTCA claims for assault, battery, malicious prosecution, and false imprisonment simply because they were intentional torts, and noting "each tort [the plaintiff] alleges could be committed without actual malice or intent to harm"). "Whether immunity applies therefore depends upon the facts of the case, and, where material facts are disputed, summary judgment is inappropriate and '[i]mmunity under the statute is an affirmative defense that must be proved by the defendant at trial.'" *Newkirk*, 240 F. Supp. 3d at 437 (quoting *Frazier v. Badger*, 361 S.C. 94, 101, 603 S.E.2d 587, 590 (2004)).

Here, factual questions exist as to the reasonableness of Rogers' use of force. Jackson, Miller, and Day all indicated through their deposition testimony that they believed Rogers' actions were unjustified in light of Plaintiff's compliant behavior. *See* Jackson Dep. at pp. 24–25; Miller Dep. at pp. 22–24, 36–39; Day Dep. at pp. 20, 23. Specifically, each of these three deputies testified they would have had the right to arrest a private citizen for the conduct used by Rogers. Jackson Dep. at p. 24; Miller Dep. at pp. 24, 36–39; Day Dep. at p. 20. Most notably, Rogers was charged with second-degree assault and battery due to his actions, and he pleaded guilty to misconduct in office in exchange for the assault and battery charges being dropped. Am. Compl. at ¶¶ 32–34; Hulon Dep. at p. 24. Because Plaintiff has a viable § 1983 excessive force claim against Rogers, there is a genuine issue of material fact as to whether the DCSO is liable under the SCTCA for the alleged assault and battery committed by Rogers. *See, e.g.*, *Barfield v. Kershaw Cty. Sheriff's Office*, 638 F. App'x 196, 201–03 (4th Cir. 2016) ("[I]n the case of a viable excessive force claim under § 1983, Barfield's SCTCA battery claim against the KCSO also survives [summary judgment]."). The Court denies summary judgment as to Plaintiff's SCTCA assault and battery claims against the DCSO.

### B. Gross Negligence

The DCSO argues "Plaintiff cannot show how Defendant DCSO was grossly negligent by its failure to exercise even the slightest care." Defs.' Objs. at p. 10.

The SCTCA provides that a governmental entity can be held liable for a loss resulting from a "responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any . . . prisoner [or] inmate . . . of any governmental entity . . . ***when the responsibility or duty is exercised in a grossly negligent manner***." S.C. Code Ann. § 15–78–60(25) (2005) (emphasis added). "Gross negligence is the intentional conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do. It is the failure to exercise slight care."[6] *Jinks v. Richland Cty.*, 355 S.C. 341, 345, 585 S.E.2d 281, 283 (2003) (internal citation omitted). "The term is relative and means the absence of care that is necessary under the circumstances." *Moore by Moore v. Berkeley Cty. Sch. Dist.*, 326 S.C. 584, 591, 486 S.E.2d 9, 13 (Ct. App. 1997). "Normally, the question of what activity constitutes gross negligence is a mixed question of law and fact." *Bass v. S.C. Dep't of Soc. Servs.*, 414 S.C. 558, 571, 780 S.E.2d 252, 259 (2015).

Viewing the evidence in the light most favorable to Plaintiff, there are genuine issues of material fact as to whether the DCSO was grossly negligent, i.e., whether it failed to exercise slight care. Miller's, Jackson's, and Day's testimony indicates none of these officers separated Rogers from Plaintiff after the first attack involving pepper spray and slapping. *See* Miller Dep. at pp. 15–21; Jackson Dep. at pp. 17–21; Day Dep. at pp. 12–16. Although the DCSO argues "the actions of Defendant Rogers occurred so rapidly and without warning as to not allow anyone time to react," the

---

[6] "Negligence is the failure to exercise due care, while gross negligence is the failure to exercise slight care." *Clyburn v. Sumter Cty. Sch. Dist. No. 17*, 317 S.C. 50, 53, 451 S.E.2d 885, 887 (1994).

12

Court has previously explained there was a time gap of "a couple of minutes" between the first and second attacks. *See* Jackson Dep. at pp. 18, 21. The Court has also noted Day testified he thought Rogers' actions amounted to an assault; and that if a private citizen had walked up to Plaintiff and pepper sprayed him, Day would arrest the private citizen for assault. Day Dep. at pp. 12–13, 20. Moreover, as the Magistrate Judge points out, Miller and Day testified they would have separated an aggressor from a victim under similar circumstances not involving an officer as the aggressor; and Day testified that in the jail context, it was "common sense" to separate a detainee who was assaulting another person and that failure to do so would be "reckless." *See* R & R at p. 17 (citing Miller Dep. at p. 23 & Day Dep. at p. 23). Viewing the evidence in the light most favorable to Plaintiff, the Court finds there is a genuine issue of material fact as to whether the DCSO was grossly negligent based on Jackson's, Miller's, and Day's alleged inaction, in light of Rogers' alleged actions involving the use of excessive force. The Court denies summary judgment as to Plaintiff's SCTCA gross negligence claim against the DCSO.

**III.    Rogers**

Plaintiff objects to the Magistrate Judge's recommendation to dismiss Rogers pursuant to Federal Rule of Civil Procedure 4(m). Pl.'s Objs. at pp. 6–7; *see* R & R at pp. 1 & 18. Plaintiff has attached to his objections a process server's affidavit indicating Rogers was timely served on October 16, 2015, and Plaintiff has separately filed a certificate of service (along with said affidavit) with the Court. *See* ECF Nos. 53 & 54-9. Plaintiff requests that the Court consider service on Rogers to be timely pursuant to Rule 4(l)(3).

The Court will sustain Plaintiff's objection. Rule 4(1)(3) provides that "[f]ailure to prove service does not affect the validity of service." Fed. R. Civ. P. 4(1)(3). Although Plaintiff did not file

the certificate of service until he filed his objections, his belated filing did not affect the validity of his timely service on Rogers. *See generally Mann v. Castiel*, 681 F.3d 368, 373 (D.C. Cir. 2012) ("Although the district court cannot be assured that it has jurisdiction over a defendant until the plaintiff files proof of service, the defendant 'becomes a party officially, and is required to take action in that capacity . . . upon service.' *Murphy Bros.*, 526 U.S. at 350. That is, a defendant must answer the complaint 'within 21 days after being served,' Fed. R. Civ. P. 12(a)(1)(A), even if the plaintiff fails timely to prove service by filing a server's affidavit . . . ."). Thus, Rogers will remain a defendant in this action, and Plaintiff may seek an entry of default against Rogers in accordance with Rule 55(a).[7]

## Conclusion

Based on the foregoing, the Court adopts and incorporates by reference the R & R [ECF No. 47] to the extent it is consistent with this Order. The Court **GRANTS IN PART AND DENIES IN PART** the motion for summary judgment [ECF No. 30]. Specifically, the Court **GRANTS** summary judgment as to all claims against Defendants Dillon County, Hulon, Jackson, and Miller, and **DISMISSES** these four defendants *with prejudice*. The Court **DENIES** summary judgment as to the § 1983 bystander liability claim against Day, and **GRANTS** summary judgment as to all other claims against Day. The Court **DENIES** summary judgment as to the assault, battery, and gross negligence claims against the DCSO brought under the SCTCA, and **GRANTS** summary judgment as to all other claims against the DCSO. To clarify, the only claims that remain pending are (1) a § 1983 bystander liability claim against Day, (2) assault, battery, and gross negligence claims against the DCSO brought under the SCTCA, and (3) all claims against Rogers.

---

[7] Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and *that failure is shown by affidavit or otherwise*, the clerk must enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added).

The Court finds the parties' Joint Motion to Hold in Abeyance the Second Amended Scheduling Order [ECF No. 34] is moot. **The Court DIRECTS the parties to submit a proposed consent amended scheduling order within five days of the date of this Order.**

**IT IS SO ORDERED.**

Florence, South Carolina
September 27, 2017

<u>s/ R. Bryan Harwell</u>
R. Bryan Harwell
United States District Judge