UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Robert Earl Morning, | Civil Action No.: 4:15-cv-03349-RBH-TER |
| Plaintiff, | |
| v. | **ORDER** |
| Dillon County Sheriff's Office; Ken Carlisle Rogers, *in his individual and official capacity*; and Richard Day, *in his individual and official capacity*, | |
| Defendants. | |

This matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). *See* ECF No. 84. The Magistrate Judge recommends that the Court grant the Motion to Enforce Settlement filed by Defendants Dillon County Sheriff's Office and Richard Day.[1] *See* R & R at p. 6.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] Separately, the Magistrate Judge recommends denying the defendants' request for sanctions and/or attorney's fees. *See* R & R at p. 6.

No party has filed objections to the R & R, and the time for doing so has expired.[2] In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

Having thoroughly reviewed the record, the Court finds no clear error and therefore adopts and incorporates by reference the Magistrate Judge's R & R [ECF No. 84]. Accordingly, the Court **GRANTS** the Motion to Enforce Settlement [ECF No. 79] filed by Defendants Dillon County Sheriff's Office and Richard Day and **DISMISSES** both defendants (who are no longer parties to this action) *with prejudice.*

The Court notes Defendant Ken Carlisle Rogers—the only remaining defendant— has not filed an answer or otherwise appeared in this action, but Plaintiff has not requested an entry of default against him.[3] **The Court ORDERS Plaintiff to show cause as to why his claims against Defendant Rogers should not be dismissed for failure to prosecute. Plaintiff must file a response no later than Friday, June 15, 2018. Failure to file a response will result in dismissal of this sole remaining defendant and the Court closing the case.**

---

[2]   Objections were due by June 8, 2018. *See* ECF No. 84.

[3]   In its prior order—entered in September 2017—the Court noted that Plaintiff had served Defendant Rogers in October 2015 (nearly three years ago) and that "Plaintiff may seek an entry of default against Rogers in accordance with Rule 55(a)." ECF No. 60 at pp. 13–14. However, Plaintiff has never sought an entry of default against Defendant Rogers.

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
June 12, 2018  R. Bryan Harwell
United States District Judge